IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LATOYA CANADA,
    Plaintiff,

v.                                                           Civil Action No. 3:21-CV-00655 (MRC)

JASMINE MASRI, *et al.*,
    Defendants.

## **MEMORANDUM OPINION**

Latoya Canada ("Plaintiff") brings this civil action against New Prime, Inc., New Prime d/b/a Prime, Inc., New Prime, Inc. d/b/a Prime, Inc., Prime, Inc., Prime Transportation Services, Inc., Prime Transportation, Inc., and Jasmine Masri ("Masri") (collectively, the "Defendants"). Plaintiff alleges that Masri was negligent, grossly negligent, and/or reckless[1] when she caused a motor vehicle accident that resulted in personal injuries to Plaintiff. This matter now comes before the Court on Defendants' Partial Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 7 (the "Partial Motion to Dismiss") (ECF No. 16). For the reasons set forth below, the Court DENIES the Partial Motion to Dismiss as to Plaintiff's claim of gross negligence and GRANTS the Partial Motion to Dismiss as to Plaintiff's claim of willful and wanton negligence. To the extent Plaintiff has asserted a claim for willful and wanton negligence, it is DISMISSED WITHOUT PREJUDICE.

    **I.**     **The Allegations of the Amended Complaint.**

On or about December 20, 2018, Plaintiff was traveling north on I-95 in the city of Richmond. (Am. Compl. at 1, ¶ 1, ECF No. 14). At the same time and place, Masri, acting in the

---

[1] The Court construes Plaintiff's claim of "recklessness" (Am. Compl. at 2, ¶ 7, ECF No 14) as a tort claim for willful and wanton negligence.

1

course of her employment, was driving a tractor-trailer on the same interstate and in the same direction as Plaintiff. (Am. Compl. at 1, ¶¶ 2, 3). Masri struck the rear of Plaintiff's vehicle "with great force and violence" and pushed Plaintiff's vehicle into another vehicle. (Am. Compl. at 2, ¶¶ 4, 6). As a result, Plaintiff sustained serious and permanent injuries. (Am. Compl. at 2, ¶ 7).

Plaintiff alleges that Masri was reckless and/or grossly negligent in that she: (1) failed to keep a proper lookout; and/or (2) failed to obey a traffic signal; and/or (3) failed to maintain control of her automobile; and/or (4) operated her vehicle at an excessive rate of speed; and/or (5) operated her vehicle recklessly; (6) failed not to follow another motor vehicle, trailer, or semitrailer more closely than is reasonable and prudent; and/or (7) failed to yield the right of way; and/or (8) failed to maintain lane position; and/or (9) was otherwise negligent. (Am. Compl. at 2, ¶ 6).

In response to the Partial Motion to Dismiss, Plaintiff asserts that Masri was "swerving between lanes." (Pl.'s Mot. Opp'n Defs.' Partial Mot. to Dismiss Pursuant to Rule 12(b)(6) ("Pl.'s Motion in Opposition") at 1, ECF No. 18). However, the Amended Complaint merely states that Masri "failed to maintain lane position." (Am. Compl. at 2, ¶ 6(h)). The specific factual allegation that Masri was "swerving between lanes" does not appear in the Amended Complaint.

## II.   Standard of Review.

Rule 12(b)(6) permits a party to move the court to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. Rule 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) have clarified how the sufficiency of a complaint is to be evaluated under Rule 8. Under these cases, there are two essential requirements for a pleading: that its allegations be sufficient and that its allegations be plausible.

In evaluating a complaint under *Twombly* and *Iqbal,* a district court must engage in a two-step process. First, the court must begin by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 679. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

Second, the court must decide whether the remaining allegations in the complaint—taken as true—state a "plausible claim for relief." *Id*. at 679 (quoting *Twombly,* 550 U.S. at 570). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense" to decide whether the facts "permit the court to infer more than the mere possibility of misconduct." *Id*. In essence, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

### III.     Plaintiff's Claims for Gross Negligence and Recklessness.

Defendants move to dismiss Plaintiff's claims for gross negligence and recklessness pursuant to Rule 12(b)(6). In contemplating a Rule 12(b)(6) motion, the Court must "take the facts in the light most favorable to the plaintiff," but "need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008) (citing *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000)).

Simple negligence is the failure to use the degree of care an ordinary person would exercise to avoid injury to another. *See Harris v. Harman*, 253 Va. 336, 340 (1997). Defendants concede that Plaintiff has sufficiently set forth a cause of action for simple negligence. (Defs.' Mem. Supp. Partial Mot. to Dismiss Pursuant to Rule 12(b)(6) ("Defs.' Mem. in Support") at 3, ECF No. 17).

The second level of negligence, gross negligence, is conduct which shows indifference to others, disregarding prudence to the level that the safety of others is completely neglected. *See Harris*, 253 Va. at 340. Gross negligence is negligence which shocks fair-minded people, but is less than willful recklessness. *See Griffin v. Shively*, 227 Va. 317, 321 (1984).

The third level of negligence, willful and wanton negligence, is "acting consciously in disregard of another person's rights or acting with reckless indifference to the consequences, with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another." *Id.* Willful and wanton negligence generally involves some type of egregious conduct. *See e.g.*, *Huffman v. Love*, 245 Va. 311, 313 (1993) (motion for judgment alleged that the defendant operated his vehicle in a careless, wanton, reckless and negligent manner and with a reckless disregard for the welfare and rights of others, including the plaintiff, by driving drunk, failed to keep a proper lookout, approached a dangerous curve at nearly twice the posted speed, drove on the wrong side of the road, and failed to keep his vehicle under proper control.); *see also Friedman v. Jordan*, 166 Va. 65, 68 (1936) (a driver intentionally chased down and ran over a bicyclist in a dispute over money and failed to help extricate plaintiff who could not get out from under the car).

To survive the Partial Motion to Dismiss, Plaintiff must allege sufficient facts to plausibly demonstrate gross negligence and/or willful and wanton conduct. Mere conclusory legal statements, without facts to support them, will not suffice. *See Twombly*, 550 U.S. at 555. Defendants contend that the facts as alleged in the Amended Complaint "support nothing more than simple negligence." (Defs.' Mem. in Support at 3). In response, Plaintiff contends that she "has asserted a multiplicity of behaviors" that "when exhibited by the driver of a *tractor-trailer*,

4

transgress far beyond the boundaries of acceptable driving." (Pl.'s Motion in Opposition at 2-3) (emphasis in original).

Given the high standards required to prove gross negligence and willful and wanton negligence as discussed above, the Court has concerns regarding the sparsity of Plaintiff's factual allegations. Plaintiff has alleged that Masri: (1) operated her vehicle at an excessive rate of speed; (2) failed to maintain lane position; (3) caused a rear end collision with great force and violence that pushed Plaintiff's vehicle into another vehicle; and (4) caused Plaintiff to sustain serious and permanent injuries. (Am. Compl. at 2, ¶¶ 4-7). These facts, as currently alleged, fail to state a claim that Masri acted in conscious disregard of Plaintiff's rights or acted with reckless indifference to the consequences, with Masri aware, from her knowledge of existing circumstances and conditions, that her conduct probably would cause injury to Plaintiff. *See Griffin v. Shively*, 227 Va. at 321. As a result, Plaintiff has failed to state claim upon which relief can be granted for willful and wanton negligence.

In regard to Plaintiff's claim of gross negligence, at this stage, the Court is required to construe the factual allegations in the light most favorable to Plaintiff. While the facts may later demonstrate that Masri was simply negligent or not liable in any way for the accident, making such a determination on a Rule 12(b)(6) motion is premature. As a result, discovery is necessary to determine whether Masri's conduct rose to the level of gross negligence. *See, e.g. Lindsay v. Kvortek*, 865 F.Supp. 264, 269 (W.D. Pa. 1994) (finding premature the dismissal of punitive damages in an auto accident case where plaintiffs alleged reckless indifference because "[a]t this early stage of the case, the Court cannot assume that plaintiffs will be unable to present any evidence to support a claim of punitive damages."). Discovery is required to determine whether

5

Masri's conduct would shock fair-minded people. *See Griffin*, 227 Va. at 321. As a result, the Court will deny the Partial Motion to Dismiss as to gross negligence.

### IV. Conclusion.

For the reasons set forth above, the Court DENIES the Partial Motion to Dismiss as to Plaintiff's claim of gross negligence and GRANTS the Partial Motion to Dismiss as to Plaintiff's claim of willful and wanton negligence. To the extent Plaintiff has asserted a claim for willful and wanton negligence, it is DISMISSED WITHOUT PREJUDICE.

The Clerk is DIRECTED to deliver a copy of this Opinion and Order to all Counsel of Record in this case.

It is so ORDERED.

/s/ MRC
Mark R. Colombell
United States Magistrate Judge

Richmond, Virginia
Date: <u>December 30, 2021</u>